UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WENDY HAZELHURST and BORMIO INVESTMENTS, INC., § § § Plaintiffs, § § v. § Civil Action No. 3:13-CV-4605-L (BF) § JPMORGAN CHASE BANK, N.A., § § Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), and a Standing Order of Reference from the District Court [D.E. 5], Defendant JPMorgan Chase Bank, N.A.'s ("Defendant") Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss") [D.E. 7] has been referred to the United States Magistrate Judge for findings of fact and recommendations. Plaintiffs Wendy Hazelhurst ("Hazelhurst") and Bormio Investments, Inc. ("Bormio") (collectively, "Plaintiffs") failed to file a response, and the time to do so has expired. For the following reasons, the undersigned recommends that the Court GRANT Defendant's Motion to Dismiss [D.E. 7].

**BACKGROUND**

On or about December 21, 2007, Hazelhurst executed a note and a deed of trust to obtain a home equity loan secured by a property located at 1907 North Waterview Dr., Richardson, Texas 75080 (the "Property"). *See* Def.'s Ex. A [D.E. 7-1]; Am. Compl. [D.E. 6 at 2]. On June 25, 2013, Hazelhurst executed a General Warranty Deed purporting to convey the Property to Bormio Investments, Inc. ("Bormio"). *See* Def.'s Ex. B [D.E. 7-2]. According to Plaintiffs, Defendant attempted a forced sale of the Property by filing an application for an order of foreclosure on April 26, 2013. *See* Am. Compl. [D.E. 6 at 2]. On November 4, 2013, Plaintiffs filed a petition in the 191st

Judicial District Court in Dallas County, Texas alleging Defendant's violation of the Texas Constitution Article XVI, Sections 50(a) ("Section 50(a)") and 50(a)(6)(Q)(x) ("Section 50(a)(6)(Q)(x)") and seeking a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code. *See id.* [D.E. 1-3 at 9-10]. Plaintiffs alleged that Defendant violated Section 50(a) by attempting a forced sale of the Property because the debt that formed the basis of the foreclosure action was not obtained for a purpose allowed by Texas Constitution Article XVI, Section 50 ("Section 50"). *See id.* [D.E. 1-3 at 10]. Further, Plaintiffs contend that Defendant violated Section 50(a)(6)(Q)(x) by failing to correct within 60 days of notification, Defendant's failure to comply with its obligations under the Texas Constitution. *See id.* [D.E. 1-3 at 10]. In addition, Plaintiffs alleged that in accordance with the Texas Constitution, Article XVI, Section 50(c) ("Section 50(c)"), the deed of trust and lien claimed by Defendant on Plaintiffs' property is not valid because it does not secure a debt described by Section 50. *See id.* [D.E. 1-3 at 10].

On November 19, 2013, Defendant removed this action to this Court and filed its motion to dismiss Plaintiffs' original petition. *See* Notice of Removal [D.E. 1]; Mot. to Dismiss [D.E. 3]. On January 14, 2014, Plaintiffs filed their Amended Complaint. *See* Am. Compl. [D.E. 6]. In the Amended Complaint, Plaintiffs added claims of breach of contract and interference with contract. *See id.* [D.E. 6 at 4]. Plaintiffs contend that Defendant is in breach of the note and deed of trust by the improper foreclosure on the Property and also that Defendant interfered with the contract between Bormio and its tenant by changing the locks and informing the tenant that he was no longer able to pay rent to Bormio. *See id.* [D.E. 6 at 4]. On January 23, 2014, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Defendant contends that Plaintiffs' Section 50(a)(6) claims are barred by the statute of limitations. *See* Mot. to

2

Dismiss [D.E. 7 at 4]. In addition, Defendant contends that Plaintiffs failed to state a claim for breach of the note and deed of trust because Plaintiffs failed to allege (1) a breach, (2) harm from the alleged breach, and (3) performance by Hazelhurst. *See id.* [D.E. 7 at 5]. Defendant also contends that Bormio, as a non-party to the note and deed of trust, lacks standing to sue for a breach of the note and trust. *See id.* [D.E. 7 at 6]. Defendant further seeks to have Plaintiffs' interference claim dismissed on the grounds that (a) Plaintiffs allege no improper or tortious conduct, (b) Plaintiffs allege no breach of the lease agreement, (c) Plaintiffs allege no actual harm resulting from the alleged interference; (d) the alleged conduct was justified, and (e) Hazelhurst, as a stranger to the alleged lease agreement, lacks standing to assert an interference claim. *See id.* [D.E. 7 at 7-10]. Furthermore, Defendant contends that Plaintiffs' request for declaratory relief should be denied because the request is based on the time barred Section 50(a)(6) claim. *See id.* [D.E. 7 at 10].

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint does not need to have detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his or her "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 555. A plaintiff must plead specific facts, not merely conclusory allegations. *See Tuchman v. DSC Comm'n*

3

*Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)). A defendant may seek a dismissal under Rule 12(b)(6) if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 678.

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*, 224 F.3d at 498 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)); *Twombly*, 550 U.S. at 555-56. However, a court is not required to accept as true conclusory allegations or unwarranted deductions of fact. *See Tuchman*, 14 F.3d at 1067.

## ANALYSIS

### State Constitutional Claims

Texas Constitution, Article 16, Section 50(t) sets forth the factors for a home equity line of credit, stating that it is a type of open-ended account that may be debited and under which credit may be extended so long as certain state constitutional requirements are met. Pursuant to the home equity provisions of the Texas Constitution, the lender will forfeit all principal and interest in the property if it fails to comply with these constitutional requirements. *See* TEX. CONST. ART. XVI § 50(a)(6)(Q)(x). However, there exists a provision by which a lender can cure a violation. Specifically, the borrower can give the lender notice of the constitutional violation that renders a home equity lien against the borrower's homestead void, after which the lender has 60 days to cure

the violation. *See id.* If the lender fails to correct the violation within 60 days of notice from the borrower, the lender forfeits all principal and interest in the property. *See id.*; TEX. CONST. ART. XVI, § 50(c).

Section 50(a)(6) does not contain a specific statute of limitations period. Under Texas law, when there is no express limitations period, a residual four-year statute of limitations applies. *See* TEX. CIV. PRAC. & REM. CODE § 16.051 ("Every action for which there is no express limitations period . . . must be brought not later than four years after the day the cause of action accrues."). Texas' residual four-year statute of limitations applies to claims brought under section 50(a)(6). *See Priester v. JP Morgan Chase Bank N.A.*, 708 F.3d 667, 674 (5th Cir. 2013). The limitations period begins to run on the date the loan closes. *See id.* at 675; *Smith v. JP Morgan Chase Bank, N.A.*, No. 3:13-CV-4533-M (BK), 2014 WL 1318526, at *2 (N.D. Tex. Apr. 2, 2014). If a borrower fails to file the lawsuit challenging the validity of a home equity lien prior to the passage of the limitations period, the lien becomes valid. *See Priester*, 708 F.3d at 678 ("[O]nce the period of limitations has passed, the lien is no longer voidable and is valid.").

In the case at hand, Plaintiffs concede that the loan closed on or about December 21, 2007. *See* Am. Compl. [D.E. 6 at 2]. Plaintiffs filed their lawsuit on November 4, 2013. Therefore, Plaintiff's state constitutional claims are barred by the four-year statute of limitations and should be dismissed. *See Cypert v. USBC Bank USA Nat'l Ass'n*, No. 3:13-CV-1032-D, 2013 WL 5822339, at *2 (N.D. Tex. Oct. 30, 2013) ("Based on *Priester*, plaintiffs' constitutional claims are subject to a four-year statute of limitations that began to run on May 23, 2007, the date the Cyperts refinanced their homestead. The limitations period expired on May 23, 2011. Plaintiffs' suit, filed January 31, 2013, is barred under the statute of limitations.").

Breach of Contract Claim

"In Texas, '[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Int'l, Inc. v. Egle Group, L.L.C.*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. 2001)). Plaintiffs' breach of contract claim is based on Defendant's alleged "improper[] foreclos[ure] on the property on November 5, 2013." *See* Am. Compl. [D.E. 6 at 2, 4]. While the Court is to accept as true Plaintiffs' factual allegations, the Court does not accept conclusory allegations or unwarranted deductions of fact. *See Tuchman*, 14 F.3d at 1067. Further, Plaintiffs' conclusory allegation regarding Defendant's alleged improper foreclosure failed to allege facts necessary to state a breach of contract claim under Texas law. Specifically, Plaintiffs do not allege facts regarding damages sustained from the alleged breach and tendered performance. Therefore, Plaintiffs' breach of contract claim should be dismissed.

Interference with Contract Claim

Plaintiffs contend that Defendant interfered with the contract between Bormio and its tenant by changing the locks and informing the tenant that he was no longer able to pay rent to Bormio. *See* Am. Compl. [D.E. 6 at 4]. Defendant contends that Plaintiffs' allegation that Defendant changed the locks, without more, does not support their tortious interference claim. *See* Mot. to Dismiss [D.E. 7 at 8]. Further, Defendant contends that to the extent Plaintiffs' tortious interference claim is based on a claim of wrongful foreclosure due to the alleged invalidity of the deed of trust, such a claim is barred by the statute of limitations. *See id.* [D.E. 7 at 9]. "In Texas, a party alleging tortious interference with a contract must prove four elements to sustain its claim: (1) that a contract subject

to interference exists; (2) that the alleged act of interference was willful and intentional; (3) that the willful and intentional act proximately caused damage; and (4) that actual damage or loss occurred." *Mikhail v. Maritz*, No. 98-50525, 1999 WL 511915, at *5 (5th Cir. Jul. 1, 1999) (citing *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997)). Plaintiffs have not alleged facts stating that Defendant's conduct in changing the locks and informing the tenant not to pay rent to Bormio proximately caused any actual damages. As Defendant points out, Plaintiffs "do not allege that Bormio or its tenant lost possession or access to the Property or that the tenant stopped paying rent." *See* Mot. to Dismiss [D.E. 7 at 9]. Because Plaintiffs pled no facts regarding whether any actual damages were proximately caused by the alleged conduct, Plaintiffs' interference claim fails.

## Declaratory Judgment Claim

"When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (citing *i2 Techs. US, Inc. v. Lanell*, No. 3:02-CV-134-G, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002)). The federal Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). However, the "federal Declaratory Judgment Act [] is procedural only, not substantive, and hence the relevant cause of action must arise under some other [] law . . . ." *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984).

Plaintiffs "seek a declaratory judgment pursuant to provisions under Chapter 37 of the Texas Civil Practice and Remedies Code that in accordance with Texas Constitution Art. XVI, § 50(c), the deed of trust and lien claimed by Defendant on Plaintiffs' property is not valid because it does not secure a debt described by Texas Constitution Art. XVI, § 50." *See* Am. Compl. [D.E. 6 at 3]. Defendant argues that Plaintiffs' request for declaratory relief is barred by the statute of limitations because it is solely premised on Plaintiffs' Section 50(a)(6) claim. *See* Mot. to Dismiss [D.E. 7 at 10]. As discussed above, Plaintiffs' Texas Constitution claims are precluded by the statute of limitations. Therefore, Plaintiffs have failed to state a plausible declaratory judgment claim because the underlying state constitutional claims upon which Plaintiffs' declaratory judgment claim is predicated upon are time barred. *See Priester v. Long Beach Mortg. Co.*, No. 4:10-CV-641, 2011 WL 6116491, at *5-6 (E.D. Tex. Oct. 13, 2011) ("Plaintiffs' [declaratory judgment and defamation] claims must be dismissed because they are predicated on a time-barred constitutional claim.").

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendant's Motion to Dismiss [D.E. 7] and dismiss Plaintiffs' claims with prejudice pursuant to Rule 12(b)(6).

**SO RECOMMENDED**, this 14th day of July, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).