IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WENDY HAZELHURST AND BORNIO INVESTMENTS, INC.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4605-L** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This case was referred to Magistrate Judge Paul D. Stickney, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on July 14, 2014 (Doc. 11), recommending that the court grant Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 7), filed January 23, 2014, and dismiss with prejudice Plaintiffs' claims based on state constitutional violations and breach of contract and their request for a declaratory judgment. No objections to the Report were filed.

Having reviewed the pleadings, file, and record in this case, and the Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **grants** Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 7), filed January 23, 2014, and **dismisses with prejudice** Plaintiffs'

claims based on state constitutional violations and breach of contract and their request for a declaratory judgment.*

**It is so ordered** this 31st day of July, 2014.

Sam A. Lindsay
United States District Judge

---

* After the magistrate judge issued his Report on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Defendant filed its Original Counterclaim on July 23, 2014, seeking a declaratory judgment and asserting various claims for relief against Plaintiffs. As Defendant's counterclaim was filed without leave of court long after Plaintiffs amended their pleadings on January 14, 2014, and after the magistrate judge issued a Report in their favor on the motion to dismiss, the counterclaim is not before the court, and the court declines to consider it or delay the resolution of this litigation. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring service of a responsive pleading 21 days after service of the complaint). Further, Defendant offers no explanation for the delay or failure to seek leave. For these reasons, the court **strikes** Defendant's Original Counterclaim (Doc. 12).